UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TODD FERRIS, for himself and on behalf of
those similarly situated,

    Plaintiff,

vs.

Case No.:

BURGER GUYS OF AVENTURA, LLC, a
Florida Limited Liability Company, d/b/a
BurgerFi, and BURGER GUYS OF DANIA
POINT, LLC, a Florida Limited Liability
Company, d/b/a BurgerFi.

    Defendants.
_____/

**VERIFIED COLLECTIVE ACTION**
**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, TODD FERRIS ("Plaintiff"), for himself and on behalf of those similarly situated, hereby files this Verified Complaint against Defendants, BURGER GUYS OF AVENTURA, LLC, a Florida Limited Liability Company, d/b/a BurgerFi ("BG of AVENTURA"), and BURGER GUYS OF DANIA POINT, LLC, a Florida Limited Liability Company, d/b/a BurgerFi ("BG of DANIA"), (collectively, "Defendants" or "BURGERFI"), and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA"), to obtain a judgment against Defendants as to liability, and to recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28

DocuSign Envelope ID: 8886CFE1-85EE-4F3A-9E6E-287C71D77467

U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. Venue is proper in this Court because Plaintiff resides within the District, Defendants maintain business operations within the District, and Plaintiff's claims accrued in this District.

## INTRODUCTION

4. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), and 29 U.S.C. §203(m).

5. The Defendants in this case violated the FLSA by retaining 100% of Plaintiff's tips, as well as the tips of those similarly situated tip-eligible employees.

6. Plaintiff brings a collective action to recover all improperly withheld tips owed to him and all other similarly situated tip-eligible employees of Defendants who worked for BURGERFI at either their Aventura location at 18139 Biscayne Boulevard, Aventura, FL 33160, or Dania Point location at 11 S. Point Strive, Dania Beach, FL 33004, at any time within the past three (3) years.

7. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

## PARTIES

8. At all times material to this action, Plaintiff was, and continues to be a resident of Broward County, Florida.

9. At all times material to this action, BG of AVENTURA, was and continues to be a Florida Limited Liability Company. Further, at all times material to this action, Defendant BG of AVENTURA was, and continues to be, engaged in business in Florida, doing business in Miami-Dade County, Florida.

10. BG of AVENTURA is currently listed with the Florida Department of State, Division of Corporations, as an "Active" business, at 18139 Biscayne Boulevard, Aventura, FL 33160, as its principal address. *See* Corporation search result attached hereto as Exhibit A.

11. At all times material to this action, BG of DANIA, was and continues to be a Florida Limited Liability Company. Further, at all times material to this action, Defendant BG of DANIA was, and continues to be, engaged in business in Florida, doing business in Broward County, Florida. *See* Corporation search result attached hereto as Exhibit B.

12. BURGERFI is an enterprise engaged in the hospitality industry, and specifically in the operation of restaurants.

13. Defendants operate BURGERFI locations at 18139 Biscayne Boulevard, Aventura, FL 33160, and 11 S. Point Drive, Dania Beach, FL 33004. Upon information and belief, these two locations share common ownership and management, and share employees, including but not limited to Plaintiff. *See* Exhibits A and B.

14. Upon information and belief, the activities of the two BURGERFI locations operate under unified operation or common control, and are performed for a common business purpose of providing BURGERFI restaurant services in Miami-Dade and Broward Counties.

15. Upon information and belief, the policies and practices described herein with respect to the BURGERFI Aventura location occurred in BURGERFI Dania Point location, because the same individuals were responsible for creation and implementation of these policies in each location.

16. At all times material to this action, Plaintiff was an "employee" of BURGERFI within the meaning of the FLSA.

17. At all times material to this action, Defendants were Plaintiff's "employer"

within the meaning of the FLSA.

18. Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

19. At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" and/or an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum in each of the three years preceding the filing of the Complaint in this action.

21. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, and kitchen equipment, which were used directly in furtherance of Defendants' commercial activity of running a restaurant.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23. In or about April 2023, Defendants hired Plaintiff to work as a non-exempt hourly-paid cashier at BURGERFI's location in Aventura, Miami-Dade County, Florida. Plaintiff was employed by Defendants in this position until August 1, 2023.

24. Plaintiff's job duties, like the other service staff, were assisting customers with their online or in-person food and drink orders.

25. On occasion, Plaintiff was required to work at BURGERFI's Dania Point

location.

26. At each of Defendants' locations, Defendants provide both an electronic and cash mechanism through which customers are given the opportunity to leave tips, at their discretion, for tip-eligible employees.

27. Customers would often leave these tips for Plaintiff and his fellow tip-eligible employees, based on the service provided by Plaintiff and his fellow tip-eligible employees.

28. Defendants did not permit Plaintiff or any of his fellow tip-eligible employees to retain any tips. Instead, Defendants withheld 100% of tips left by customers.

29. When Plaintiff complained about not being paid <u>any</u> of his tips, Defendants acknowledged that he should be getting tips, and that they were working on a resolution.

30. That resolution never happened.

31. Defendants' practice, of retaining 100% of customers' tips left for their tipped employees, was common knowledge amongst employees.

32. Upon information and belief, these policies and requirements regarding tipping applied equally to all tip-eligible employees working at both BURGERFI locations (hereafter "those similarly situated").

33. These tips were the property of, and should have been retained by, Plaintiff and those similarly situated.

34. Due to Defendants' practices, Plaintiff and those similarly situated did not receive any of their earned tips.

35. Defendants had a common pay policy and/or pay practice which violates the FLSA in that they retained 100% of the tips left by customers.

36. Because Defendants appropriated tips, Defendants must re-pay Plaintiff, and

those similarly situated opt-in Plaintiffs who join this action by filing consents to join, the amount of any tips withheld, as well as liquidated damages on those amounts.

37. Defendants have violated Title 29 U.S.C. §203, during the three years preceding the filing of the Complaint in this matter, in that:

    a. Defendants unlawfully retained tips that were the property of Plaintiff and those similarly situated; and

    b. No payments, or insufficient payments and/or provisions for payments have been made by Defendants to properly compensate Plaintiff and those similarly situated for improper retention of those tips.

38. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of retaining 100% of tips left by patrons, as Defendant knew or with reasonable diligence should have known that Defendants were not permitted to retain any portion of employee tips.

39. The additional persons who may join this action are those similarly situated to Plaintiff, who also were not paid tips due to Defendants' policies and practices described above.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff and the putative collective members are all tip-eligible employees in Defendants' two locations.

41. These tip-eligible employees performed the same or similar job duties as one another in that they provided food and beverage services to Defendants' patrons.

42. Plaintiff and the putative collective members were subjected to the same pay provisions in that they were all tip-eligible employees, who did not receive any tips due to Defendants' policy of retaining 100% of employee tips.

43. Defendants' uniform method of payment to Plaintiff and the putative collective

members resulted in a violation of the FLSA tip provisions.

44. These policies and practices were equally applicable to Plaintiff and the putative collective members.

45. Accordingly, the putative collective members are properly defined as:

> **All "tip-eligible employees" who worked for Defendants at any of their two BurgerFi locations at 18139 Biscayne Boulevard, Aventura, FL 33160, or 11 S. Point Drive, Dania Beach, FL 33004, in the three years prior to the date the Complaint in this matter was filed.**

46. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to properly distribute tips with respect to Plaintiff and the putative collective members.

## COUNT I
## TIP DISGORGEMENT PURSUANT TO FLSA

47. Plaintiff incorporates and adopts all allegations contained in Paragraphs 1-46 above.

48. On March 23, 2018, Congress enacted, and the President signed into law, the Consolidated Appropriations Act, 2018, PL 115-141, March 23, 2018, 132 Stat. 348.

49. Title XII, Section 1201 of the Consolidated Appropriations Act entitled "Tipped Employees" amended the FLSA to expressly create an employee's private right of action for any tips unlawfully withheld by an employer.

50. Pursuant to 29 U.S.C. § 203(m)(2)(B), an employer may not keep tips received by their employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

51. Defendants failed to provide proper notice of their intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m).

52. During the relevant time period, Defendants unlawfully retained the tips intended for Plaintiff and those similarly situated.

53. Plaintiff, and those similarly situated are entitled to an award of damages in an amount equal to the total amount of tips that were improperly withheld from them, plus an equal amount of liquidated damages.

54. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for himself and on behalf of those similarly situated, requests an Order granting conditional certification pursuant to Section 216(b) of the FLSA, of a class of the tip-eligible employees who worked for Defendants in the three years preceding the filing of the Complaint; an Order permitting Notice to all potential collective members; entry of judgment in favor of Plaintiff and those similarly situated, and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 5th day of October, 2023.

/s/ *Angeli Murthy*
Angeli Murthy, Esq., B.C.S.
Florida Bar No.: 088758
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) 327-5369
Facsimile: (954) 327-3016
Email: amurthy@forthepeople.com
*Trial Attorneys for Plaintiff*

## **VERIFICATION**

I, **Todd Ferris**, declare under penalty of perjury pursuant to 28 U.S.C. §1746 that that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Executed this  5  day of  October  2023, in  Broward  County, Florida.

*Todd Ferris*
_____

**TODD FERRIS**

9